## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
             :

In re                          :     **Chapter 11**

                          :

**SANTA FE GOLD CORPORATION,** *et al.,* :     **Case No. 15-11761 (MFW)**

                          :

         **Debtors.**[1]        :     **Jointly Administered**

                          :     **Hearing Date:  January 14, 2016, at 11:30 a.m. (ET)**

                          :     **Objection Deadline:  January 6, 2016, at 4:00 p.m. (ET)**

                          :
---------------------------------------------------------x

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## EXTENDING THE EXCLUSIVE PERIODS FOR THE FILING OF A CHAPTER 11
## PLAN AND SOLICITATION OF ACCEPTANCES THEREOF

Santa Fe Gold Corporation and its above-captioned affiliated debtors and debtors in possession (each, a "Debtor," and collectively, the "Debtors") hereby submit this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the Exclusive Periods (as defined below) for the filing of a chapter 11 plan and solicitation of acceptances thereof.   In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these proceedings and the Motion in this Court is proper under 28 U.S.C. § 1408 and § 1409.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Santa Fe Gold Corporation (4315); Azco Mica, Inc. (8577); The Lordsburg Mining Company (4474); and Santa Fe Gold (Barbados) Corporation (N/A).  The Debtors' mailing address is 1219 Banner Mine Road, Lordsburg, New Mexico 88045.

2.     The statutory and procedural predicates for the relief requested herein are section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

3.     On August 26, 2015 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Chapter 11 Cases are consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.  No trustee or examiner has been appointed in the Chapter 11 Cases.

4.     On September 11, 2015, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") [Docket No. 54].

5.     The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Jakes Jordaan in Support of Chapter 11 Petitions and First Day Relief* [Docket No. 2].

## RELIEF REQUESTED

6.     By this Motion, the Debtors request entry of the Proposed Order, pursuant to section 1121(d)(1) of the Bankruptcy Code, extending the Debtors' exclusive periods to file a chapter 11 plan (the "Plan Period") and to solicit votes to approve a chapter 11 plan (the "Solicitation Period" and, collectively, the "Exclusive Periods") by approximately ninety (90)

days, through and including March 23, 2016, and May 23, 2016, respectively, without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods.  This Motion is the Debtors' first request to extend the Exclusive Periods.

## BASIS FOR RELIEF REQUESTED

7.     Section 1121(b) of the Bankruptcy Code provides an initial Plan Period of one hundred and twenty (120) days after commencement of a chapter 11 case.  11 U.S.C. § 1121(b).  Similarly, section 1121(c)(3) provides that, if a debtor has not filed a plan that has been accepted within the initial Solicitation Period of one hundred and eighty (180) days after commencement of a chapter 11 case by each class of claims or interests that is impaired under a plan, any party in interest may file a competing plan.  11 U.S.C. § 1121(c)(3).  In light of this, the Debtors' current Exclusive Periods are slated to expire on December 24, 2015, and February 22, 2016, respectively.[2]

**A.     Section 1121(d) of the Bankruptcy Code Permits the Court to Extend the Exclusive Periods for "Cause"**

8.     The Exclusive Periods are designed to afford a debtor a full and fair opportunity to propose a consensual plan and solicit acceptances of such plan, without disrupting the administration of the Debtors' estates, which would result from the filing of competing plans by non-debtor parties.  To this end, where the Exclusive Periods prove to be unfeasible, section 1121(d) of the Bankruptcy Code allows the Court to extend the Exclusive Periods for cause.  11 U.S.C. § 1121(d).  Although the Bankruptcy Code does not define the term "cause," the legislative history indicates that Congress intended it to be a flexible standard to balance the competing interests of a debtor and its creditors.  *See* H.R. REP. NO. 95–595, at 231–32 (1978),

---

[2]     Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the current Plan Period shall automatically extend the Exclusive Periods until the Court acts on the Motion without the necessity of the entry of a bridge order.

*reprinted in* 1978 U.S.C.C.A.N. 5787, 6191 (noting that Congress intended to give bankruptcy courts flexibility to protect a debtor's interests by allowing unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

9.    Congress built flexibility into section 1121 of the Bankruptcy Code to give debtors sufficient opportunity to stabilize their business' operations at the outset of their chapter 11 case and to negotiate an effective plan with their creditors. *In re Newark Airport/Hotel Ltd. P'ship*, 156 B.R. 444, 451 (Bankr. D. N.J.), aff'd, 155 B.R. 93 (D.N.J. 1993) (noting that Congress designed chapter 11 provisions to enable a debtor to remain in control for some period of time, thereby making reorganization an attractive alternative to financially troubled companies); *Gaines v. Perkins (In re Perkins)*, 71 B.R. 294, 297–98 (W.D. Tenn. 1987) (Congress designed section 1121 to give the debtor time to reach an agreement with its creditors regarding a plan of reorganization).

10.    In making the determination whether to affirm or deny a request to extend the Exclusive Periods for "cause," courts have considered a variety of factors, including:

a.    The size and complexity of a debtor's case;

b.    Whether a debtor has had sufficient time to negotiate and prepare adequate information;

c.    The existence of good-faith progress;

d.    Whether a debtor is paying its debts as they becomes due;

e.    Whether a debtor has made progress negotiating with creditors;

f.    The length of time a case has been pending;

g.    Whether a debtor is seeking an extension to pressure creditors; and

h.    Whether or not unresolved contingencies exist.

*In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D. N.J. 2002) (citations omitted); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (citing to

most of the factors listed above in determining whether to extend the exclusive periods); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D. D.C. 1986) (holding that the debtor showed "cause" to extend its exclusive period based upon certain of above-quoted factors).

**B.    Cause Exists for an Extension of the Debtors' Exclusive
Periods in the Chapter 11 Cases**

11.    The facts and circumstances of these Chapter 11 Cases justify extending the Exclusive Periods to provide the Debtors with an unimpeded opportunity to confirm a plan of reorganization or liquidation, as the case may be.

12.    In the fewer than four months since the Petition Date, the Debtors' management and professional advisors have been working diligently to ensure their smooth entry into chapter 11 and have devoted a significant amount of effort towards dealing with the myriad issues attendant to the commencement of a chapter 11 proceeding.  The Debtors have, among other things:  (i) compiled and analyzed the information needed for their Schedules of Assets and Liabilities and Statements of Financial Affairs and filed the same [Docket Nos. 92-99]; (ii) produced their initial and monthly operating reports [Docket Nos. 53 and 165]; (iii) responded to various inquiries and demands; (iv) retained professionals [Docket Nos. 25, 87, 89, and 140]; (v) established bar dates for the filing of proofs of claim [Docket No. 181]; and (vi) handled the various other tasks related to the administration of the Debtors' bankruptcy estates and these Chapter 11 Cases.  Moreover, the Debtors have devoted a significant amount of time and resources since the Petition Date towards:  (i) resolving the Committee's objections to their proposed debtor-in-possession financing, (ii) responding to the Committee's information requests; and (iii) pursuing a sale of their assets and, relatedly, prosecuting their bidding procedures motion [Docket No. 75].  Finally, the Debtors have accomplished all of this with only a handful of employees and the assistance of their retained professionals.

13.     As a result of the foregoing efforts, in particular, the Debtors' pursuit of a sale of their assets, and the significant and time-intensive nature of the tasks that the Debtors' professionals and employees will be tackling over the next several months related to the sale, extending the Exclusive Periods is justified.  Indeed, under the current sale timeline, the hearing on the sale of the Debtors' assets will not take place until January 14th, s*ee* Docket No. 141, ¶ 17, after the expiration of the current Plan Period.  Further, extending the Exclusive Periods will facilitate an orderly and cost-effective process for the benefit of all creditors by providing the Debtors with a meaningful opportunity to build on the progress that has been made in these Chapter 11 Cases without unnecessary interference from non-debtor parties.  Termination of the Exclusive Periods, on the other hand, would give rise to the threat of competing plans, resulting in increased administrative expenses that would diminish the value of the Debtors' estates to the detriment of creditors.  Termination of the Exclusive Periods could also meaningfully delay, if not completely undermine, the Debtors' ability to confirm any plan.  Moreover, extending the Exclusive Periods will not harm or prejudice the Debtors' creditors or other parties in interest.  In light of the foregoing, ample cause exists to extend the Exclusive Periods and the relief requested herein is in the best interests of the Debtors, their estates, and their creditors.

## NOTICE

14.     Notice of this Motion shall be provided to:  (i) the U.S. Trustee; (ii) counsel to Waterton Global Value, L.P., in its capacity as the Senior Pre-Petition Lender; (iii) Sandstorm Gold (Barbados) Ltd., in its capacity as the second lien pre-petition lender; (iv) counsel to Waterton Global Value, L.P., by its investment manager, Altitude Management Limited, in its capacity as the debtor-in-possession lender; (v) counsel to the Committee; and (vi) all parties that, as of the filing of this Motion, have requested notice in the Chapter 11 Cases pursuant to

Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: December 23, 2015         YOUNG CONAWAY STARGATT & TAYLOR, LLP
       Wilmington, Delaware

                                    */s/ Ian J. Bambrick*
                                      Robert S. Brady (No. 2847)
                                      Edmon L. Morton (No. 3856)
                                      Kenneth J. Enos (No. 4544)
                                      Ian J. Bambrick (No. 5455)
                                      1000 N. King Street
                                      Rodney Square
                                      Wilmington, Delaware 19801
                                      Telephone:  (302) 571-6600
                                      Facsimile:  (302) 571-1253

                                      *Counsel to the Debtors and Debtors in Possession*